UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN MCDANIEL,<br>a/k/a Steven McDaniels,<br><br>Defendant. | 3:19-CR-30166-RAL<br><br><br><br>REPORT AND RECOMMENDATION FOR DISPOSITION OF MOTION TO SUPPRESS STATEMENTS |

Steven McDaniel, a/k/a Steven McDaniels (McDaniel) seeks to suppress certain statements he made to tribal police on June 7, 2019 in conjunction with his arrest. He asserts that he was subject to custodial interrogation at the time and that police obtained his statements in violation of *Miranda*.[1] The government concedes this point, but maintains that the statements are admissible as impeachment in the event McDaniel testifies at trial. McDaniel does not argue that his statements were involuntary and should be excluded for impeachment purposes.

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

Adopting the oral stipulation of the parties (made during the September 22, 2020 motion hearing) and based on the record now before the Court (including the five exhibits received into evidence at the hearing), it is hereby

RECOMMENDED that McDaniel's Motion to Suppress Statements[2] be granted. The statements he made while being handcuffed and any he uttered in response to Officer Matthew Dunham's question, "Why did you hit her?" should be suppressed as substantive, but not impeachment, evidence.[3] All other statements are fully admissible in the government's case-in-chief at trial and as impeachment should McDaniel elect to testify in his own defense.[4]

## NOTICE

The parties have 14 calendar days after service of this report and recommendation to file their objections to the same.[5] Unless an extension of time for cause is later obtained,[6] failure to file timely objections will result in the waiver of the

---

[2] *See* Dkt. No. 23.

[3] *See* Mtn. Hrg. Tr. 4-8 (Sept. 22, 2020) (identifying the statements that should be suppressed).

[4] *See* Mtn. Hrg. Tr. 6-7, 9-10 (discussing the statement the defense is not moving to suppress).

[5] *See* 28 U.S.C. §636(b)(1); Fed. R. Crim. P. 59(b).

[6] *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986) (*citing Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

right to appeal questions of fact.[7] Objections must "identify[] those issues on which further review is desired[.]"[8]

Dated this 23rd day of September, 2020, at Pierre, South Dakota.

BY THE COURT:

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

---

[7]*See Thompson*, 897 F.2d at 357; *Nash*, 781 at 667.

[8]*Arn*, 474 U.S. at 155.